IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WILLIAM MING KAR FAN,

    Petitioner,                      No. 2:12-cv-0424 EFB P

    vs.

JANET NAPOLITANO, et al.,

    Respondents.                ORDER

_____/

    Petitioner seeks a writ of habeas corpus challenging his detention by Immigration and Custom Enforcement ("ICE") pending his deportation from the United States. *See* 28 U.S.C. § 2241. This case is before the undersigned pursuant to the parties' consent. *See* 28 U.S.C. § 636. Respondents move to dismiss the petition, arguing that the petition is moot because petitioner has been removed from the United States. Dckt. No. 1 at 2. For the foregoing reasons, respondents' motion is granted and the petition is dismissed.

    Article III of the U.S. Constitution limits a federal court's jurisdiction to those cases which present "cases-or-controversies." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). "[F]ederal courts may not 'give opinions upon moot questions of abstract propositions.'" *Calderon v. Moore*, 518 U.S. 149, 150 (1996) (per curiam) (quoting *Mills v. Green*, 159 U.S. 651, 653 (1895)). In habeas actions, the case-or-controversy requirement mandates that a petitioner must

1

have suffered, or be threatened with, an actual injury traceable to the respondent and redressable by issuance of the writ. *See Spencer*, 523 U.S. at 7.

A petitioner's deportation after filing a habeas petition does not necessarily render the petitioner's claims moot. *Abdala v. Immigration & Naturalization Service*, 488 F.3d 1061, 1063-64 (9th Cir. 2007). "For a habeas petition to continue to present a live controversy after the petitioner's release or deportation, however, there must be some remaining 'collateral consequence' that may be redressed by success on the petition." *Id*. at 1064. "By contrast, where the grounds for habeas relief will not redress collateral consequences, a habeas petition does not continue to present a live controversy once the petitioner is released from custody." *Id*.

Here, petitioner only challenges his continued detention pending deportation from the United States. Dckt. No. 1 at 2-3. He specifically states that he does not challenge his deportation order. *Id*. at 3. Petitioner, however, was removed from the United States on May 2, 2012. Resps.' Mot. to Dismiss, Ex. A. He therefore is no longer in ICE's custody. As this court is unable to grant petitioner the relief sought, his petition must be dismissed as moot. *See Munoz v. Rowland*, 104 F.3d 1096, 1097-98 (9th Cir. 1997) (observing that a petition seeking relief from conditions of confinement is rendered moot upon the prisoner's release).

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Respondents' May 21, 2012 motion to dismiss, Dckt. No. 9, is granted; and

2. The Clerk is directed to close the case.

DATED: December 3, 2012.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE